[Cite as *State v. Schandel*, 2010-Ohio-2847.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 CA 862 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| SHANE SCHANDEL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 06 CR 4902


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Donald Burns
                                 Prosecuting Attorney
                                 Attorney John C. Childers
                                 Assistant Prosecuting Attorney
                                 11 East Main Street
                                 Carrollton, OH  44615

For Defendant-Appellant:         Shane Schandel, Pro-se
                                 7204 Dial Road
                                 Carrollton, OH  44615


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated:  June 16, 2010


DeGenaro, J.

{¶1}   This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro-se Appellant, Shane Schandel appeals the August 28, 2009 decision of the Carroll County Court of Common Pleas, which denied Schandel's Motion to Vacate Conviction. Upon review, Schandel's arguments are meritless. Schandel's motion constituted a successive petition for post-conviction relief. Schandel failed to provide or allege any newly discovered evidence dehors the record indicating a constitutional error, and further failed to demonstrate that such evidence would require his acquittal. Because Schandel did not satisfy the requirements of R.C. 2953.23(A) to allow the trial court's consideration of his successive petition, the trial court's decision to deny Schandel's motion is affirmed.

### Facts and Procedural History

{¶2}   On October 26, 2006, the trial court sentenced Schandel pursuant to a jury finding of guilty on single counts of theft, a fifth degree felony in violation of R.C. 2913.02(A)(1); receiving stolen property, a fifth degree felony violation of R.C. 2913.51(A); and trafficking in drugs, a fourth degree felony in violation of R.C. 2925.03(A)(1). The trial court merged the receiving stolen property and theft convictions and imposed a sentence of thirty months. The trial court ordered that Schandel be responsible, jointly and severally with co-defendants who were convicted for a separately-committed theft offense, for restitution in the amount of $5,030.00.

{¶3}   Schandel filed a motion for post-conviction relief on April 11, 2007, alleging ineffective assistance of counsel, prejudicial joinder, and errors stemming from allegedly fabricated evidence. In its April 25, 2007 judgment entry denying Schandel's motion, the trial court noted that Schandel had filed no evidentiary materials to support his claims, and that the record further did not demonstrate that Schandel was entitled to the relief requested. Schandel did not appeal this decision. On September 13, 2007, Schandel filed a motion for leave to file a delayed appeal of the October 26, 2006 judgment entry, which this Court granted.

{¶4}   As described in Schandel's delayed appeal, Schandel's co-defendants had been convicted for theft offenses for stealing aluminum roofing, whereas Schandel had

been convicted for a theft offense for stealing copper wiring. *State v. Schandel*, 7th Dist. No. 07-CA-848, 2008-Ohio-6359, at ¶6. Witnesses testified at trial that they saw Schandel remove the copper wire from the building, saw him burning plastic off of the wire, and saw him selling the wire to a scrap yard. Id. at ¶37, 52. Three witnesses testified that they were familiar with the building and the wiring taken, and opined that the value of the wire was over $500.00, or "worth a lot of money, specifically more than $500." Id. at ¶40. This court found that Schandel's theft conviction for the copper wire was supported by sufficient evidence, and not against the manifest weight of the evidence. Id. at ¶43, 53.

{¶5}    Schandel's co-defendants were convicted of breaking and entering and theft, and were ordered to jointly and severally pay $5,000.00 in restitution. Id. at ¶156. Schandel was ordered to pay $5,030.00 in restitution, jointly and severally with his co-defendants. This court found that the restitution amount of $5,030.00 exceeded the economic loss caused by Schandel's individual illegal conduct, which was only proven at trial to have been somewhere over $500.00. Id. at ¶157.

{¶6}    On December 4, 2008, this court affirmed Schandel's convictions, but reversed and remanded the restitution order for further consideration by the trial court. The Ohio Supreme Court declined jurisdiction over Schandel's appeal, and this Court denied Schandel's application to reopen appeal and his motion for reconsideration.

{¶7}    At the July 2, 2009 rehearing on restitution, the State recommended that the restitution amount be set at zero, and counsel for Schandel stated that he assented to the State's recommendation. The trial court issued a judgment entry on July 6, 2009 accepting the recommendation, setting restitution at a zero amount, and noting that any costs arising from the hearing were waived. Schandel did not appeal this order.

{¶8}    On August 27, 2009, Schandel filed a Motion to Vacate Conviction, arguing that there was insufficient evidence to support his theft conviction. Schandel asserted that, because the State recommended a zero restitution amount during the rehearing on restitution, the State therefore committed prosecutorial misconduct during trial by failing to disclose this exculpatory evidence during the time of trial. Schandel attached no affidavits or other evidentiary material to support his claims. On August 28, 2009 the trial court

summarily denied Schandel's motion.

### Petition for Post-conviction Relief

**{¶9}** Schandel's appellate brief purports to raise a number of assignments of error, such as prosecutorial misconduct, unlawful search and seizure, prejudicial joinder, judicial bias, and witness credibility. Schandel has failed to provide separate arguments or legal support for these issues, and thus we shall not address these issues separately due to a lack of briefing. App.R. 12(A)(2); *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. No. 08 CO 30, 2009-Ohio-3055, at ¶31-33. The only recognizable argument within Schandel's brief and reply brief is that the trial court erroneously failed to vacate his October 6, 2006 theft conviction after setting the restitution amount to zero on July 6, 2009, subsequent to a rehearing on restitution.

**{¶10}** Schandel's motion to the trial court fulfills the definition of a petition for post-conviction relief. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, syllabus. Schandel's motion meets this definition because the motion was filed after the time expired for filing a timely direct appeal, and the motion asserts that the trial court's judgment is void and should be vacated due to a denial of Schandel's constitutional rights. *Reynolds* at 160.

**{¶11}** R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" See also, *State v. Calhoun*, 86 Ohio St.3d 279, 282-283, 1999-Ohio-102, 714 N.E.2d 905.

**{¶12}** A petition for post-conviction relief does not allow a defendant to appeal his criminal conviction, and only allows a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. Post-conviction relief is

a narrow remedy, and res judicata bars any claim that was or could have been raised at the time of trial or a direct appeal. *Steffen* at 410.

{¶13} If a defendant's request is untimely, or if it is a second or successive petition for post-conviction relief, R.C. 2953.23(A) prohibits the trial court from considering the petition unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner then must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶14} Unless the appellant satisfies the requirements of R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely or successive petition for post-conviction relief. *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, at ¶12; *State v. Kemp*, 7th Dist. No. 09-MA-21, 2009-Ohio-6399, at ¶14.

{¶15} In this case, the trial court's judgment entry was filed on October 26, 2006, and Schandel filed a post-conviction relief petition on April 11, 2007. This Court must therefore construe Schandel's July 27, 2009 motion as a successive post-conviction relief petition under R.C. 2953.23(A). Because Schandel's petition is successive, Schandel was required to show that he satisfied the requirements of R.C. 2953.23(A)(1) before the trial court could consider the merits of his petition.

{¶16} Schandel's petition makes no argument that there is a new retroactive federal or state right that applies to him. Schandel did not attach any affidavits or other evidence to support the claims in his petition. Further, Schandel did not present any new facts regarding the merits of his case, nor any explanation as to why such facts were previously undiscoverable. Schandel's arguments regarding prosecutorial misconduct, illegal search and seizure, prejudicial joinder, judicial bias, and witness credibility are completely unsupported by any new claims of previously undiscoverable facts. Because Schandel has failed to provide any evidence that was not already of record during the time of a direct appeal, these arguments are barred by the doctrine of res judicata. *State*

*v. Davis*, 7th Dist. No. 08 MA 174, 2009-Ohio-4634, at ¶15. The only new incident that appears to have inspired Schandel's petition for post-conviction relief was the July 2, 2009 rehearing on the issue of restitution.

{¶17} One could interpret Schandel's argument on appeal to mean that he was unavoidably prevented from discovering that the prosecution had no proof of the amount of Schandel's theft until the prosecution offered to not seek restitution at the time of Schandel's July 2, 2009 rehearing. Even if one were to make this somewhat generous interpretation of Schandel's argument, it fails.

{¶18} The prosecution's recommendation of a zero restitution amount to the trial court does not constitute evidence of any facts pertinent to Schandel's underlying conviction for theft. A prosecutor's sentencing recommendation simply does not constitute evidence. The ordering of restitution in a criminal case is a decision within the discretion of the trial court. R.C. 2929.18(A)(1). It is true that the trial court's selection of a certain amount of restitution for a theft offense must be supported by some competent credible evidence. *Schandel*, supra, at ¶154. However, this absolutely does not mean that the decision to accept a prosecutor's recommendation not to charge restitution somehow constitutes evidence that no theft offense was committed.

{¶19} The actions of the State and the trial court during the July 2, 2009 rehearing on restitution did not constitute previously undiscoverable facts, nor did those alleged facts indicate by any standard of evidence that no reasonable fact-finder would have found Schandel guilty of theft. Schandel therefore did not meet the requirements of R.C. 2953.23(A), and the trial court did not have jurisdiction to consider Schandel's successive petition for post-conviction relief. The trial court did not err in summarily dismissing Schandel's Motion to Vacate Conviction. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
Waite, J., concurs.